UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:20-CR-51-REW-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RENE LAMAR PEREZ, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court, via Judge Ingram, conducted a final revocation hearing concerning Defendant Rene Lamar Perez and alleged supervised release violations. *See* DE 11 (Recommended Disposition); *see also* DE 1-3 at 3 (Judgment); DE 1-4 (Amended Judgment) (documenting the supervised release terms). Both violations stem from methamphetamine use. *See* DE 11 at 1-2. After the hearing, where Perez stipulated, Judge Ingram recommended that the undersigned find Perez guilty of the charged violations, revoke supervised release, and sentence Perez to a carceral term of 12 months and a day followed by two years of supervised release. *See id.* at 7-8. Judge Ingram informed Defendant of his right to object to the recommendation. *See id.* at 8. Defendant waived allocution. DE 12 (Waiver). The prescribed fourteen-day objection period has passed, and neither Perez nor the Government objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he

has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record and Judge Ingram's thorough treatment, resolves the matter. Perez, despite accumulating several years of progress and compliance, violated. The conduct (drug use and the crime of possession) is dangerous and was felonious; he resisted initial responsibility. Thus, the Court properly seeks to credit Perez for the good things he has done but also hold him accountable for the breach of trust in the instant lapse. Perez's criminal history (including in matters on the docket of this Court) informs without dictating the conclusion here; he was a VI, indeed nominally a career offender, when last sentenced. The Court does not bind Perez to his past but cannot ignore that past in judging current behavior. Per Judge Ingram's thoughtful balancing—which accounts for the full record, affords proper leniency, but enforces proper expectations—the Court **ORDERS** as follows:

1. The Court **ADOPTS** DE 11 and **ADJUDGES** Defendant Perez guilty of the two charged violations of supervision; and

2. The Court **REVOKES** the current supervision term and **SENTENCES** Defendant Perez to a term of incarceration of 12 months and a day, to be followed by a term of supervised release of two years under the conditions contained in Defendant's operative DE 1-4 Amended Judgment. The USPO shall evaluate Perez for substance

abuse treatment upon release and arrange for such treatment if and as warranted. The Court will enter an appropriate revocation judgment.

This the 20th day of May, 2022.

Signed By:
*Robert E. Wier*
United States District Judge