UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RENE LAMAR PEREZ, ) <br> ) <br> Defendant. ) <br> ) | No. 6:20-CR-51-REW-HAI <br><br> ORDER |

*** *** *** ***

This matter is before the Court following Defendant Rene Lamar Perez's final revocation hearing on alleged violations of the conditions of supervised release. *See* DE 22 (Minute Entry); DE 23 (Recommended Disposition). Senior United States District Judge Hayden Head of the Southern District of Texas originally sentenced Perez to 137 months imprisonment (later amended to 91 months), to be followed by 10 years of supervised release for possession of 167.97 kilograms of marijuana with the intent to distribute on January 12, 2011. *See* DE 1-3 (SDTX Judgment); DE 1-4 (Amended SDTX Judgment). Perez began his supervised release term on April 14, 2017, and jurisdiction was transferred to this Court on September 14, 2020. *See* DE 1 (Transfer of Jurisdiction). The Court previously revoked him for meth use and possession. *See* DE 14 (Revocation Judgment). The revocation term was 12 months and a day, followed by 2 years of SR. *See id*.

Perez recommenced supervised release in February 2023. About a year later, USPO issued another violation report. The instant violation proceedings came after Perez admitted to having used methamphetamine. *See* DE 23 at 2. A urine test confirmed the meth use. USPO issued a

1

Supervised Release Violation Report charging Perez with violations of two conditions: essentially, meth use and the crime of meth possession. *See id.* This echoes the prior revocation basis.

At the final hearing, Perez, after being apprised of his rights, stipulated to the violations. *See* DE 22 at 1; DE 23 at 3. Judge Ingram recommended that the undersigned find Perez guilty of committing the alleged violations, established by Perez's own admissions and the test result. *See* DE 23 at 8. The Magistrate Judge heard from the parties but further recommended a 21-month term (bottom of range) and no following SR given the lengthy prior terms and the repeated violations. Perez's foundational metrics include the Class B underlying felony, with a CH VI and a Grade B violation here.

Judge Ingram advised Perez of his right to object to the recommendation. *See id.* at 8. The prescribed fourteen-day objection period has passed without any objection from Defendant Perez or the United States. Perez also filed a waiver of his right of allocution. *See* DE 24 (Waiver).

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (brackets removed) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'"); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

2

Judge Ingram accounted for all considerations in the record in a fitting and proper way. The Court does not disturb his analysis or judgment, which rightly accounted for the revocation history, the intervening events, instances and periods viewed as mitigating, and the underlying offense and judgment. Judge Ingram showed apt concern for all § 3553 factors, such as the nature and circumstances of Perez's conviction, Perez's history and characteristics, and repetition of meth-related misconduct. Against this, he rationally balanced Perez's honesty, his demonstrable ability to comply, and his current life circumstances. The Court thus, with no objection from any party and on full review of the record and Judge Ingram's treatment, **ORDERS** as follows:

1. The Court **ADOPTS** DE 23 and **ADJUDGES** Defendant Perez guilty of the enumerated violations;

2. The Court **REVOKES** supervision and **SENTENCES** Defendant Perez to 21 months' imprisonment, with no term of supervised release to follow; and

3. The Court recommends that Defendant Perez be designated to prison in Lexington or the closest facility possible to his home. The BOP should evaluate Perez for drug treatment needs and afford him access to warranted resources, as vulnerability to substance use continues to threaten Perez's place in society.

A judgment will follow.

This the 4th day of April, 2024.

Signed By:
Robert E. Wier
United States District Judge